**Kenneth DOANE, Plaintiff, Appellant,**

v.

**Israel JACOBSON et al., Defendants, Appellees.**

**No. 5212.**

United States Court of Appeals
First Circuit.

May 21, 1957.

George Broomfield, Boston, Mass., for appellant.

Paul J. Kirby, Boston, Mass., with whom Kneeland & Splane, Boston, Mass., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

Appellant Kenneth Doane was a crew member of a fishing vessel engaged in dredging for scallops. When the dredges are hauled aboard, the contents are dumped on the deck and members of the crew sort out the scallops from fish, debris, and other matter. In accordance with horseplay which seems to have prevailed on board, appellant tossed discarded fish in the direction of one Todd, a fellow deck hand. Todd told Doane to cut it out or he would wrap the shovel around his neck. Appellant replied to the effect that Todd was not "man enough" to do that; but when appellant tossed over the next object, Todd proved to be a man of his word and let him have it with the shovel.

Doane sued the owners of the fishing vessel for damages resulting from being hit by the shovel, the complaint containing a count for negligence under the Jones Act, 46 U.S.C.A., § 688 and a count for unseaworthiness under the general maritime law. A third count for maintenance and cure under the general maritime law is no longer in the case.

Despite the slimness of the plaintiff's case on the merits, the trial judge submitted it to the jury on the issues of negligence and unseaworthiness. The jury returned a verdict for the defendants, and the court entered judgment for the defendants in accordance with the verdict.

On plaintiff's appeal from the aforesaid judgment, we find no reversible error.

The only point on which we would make a brief comment is the claim that the trial judge committed reversible error in submitting to the jury a typewritten copy of his charge after he had completed the charge orally. There is nothing in the Federal Rules of Civil Procedure to forbid this; nor do we see how the judge's action in this respect could be termed an abuse of discretion. In Copeland v. United States, 1945, 80 U.S.App.D.C. 308, 152 F.2d 769, 770 the court said:

"The jury wished to take the written instructions with them to the jury room. Since counsel for both sides advised the court to refuse this request, the court quite properly did so. But we think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also handed over to the jury. This course is required in some states, and is widely practiced. United States courts are free to follow it. We see no good reason why the members of a jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available. The question should be determined by the judge in his discretion. No doubt instructions which he reads and hands over to the jury may make a stronger impression than other instructions which are not reduced to writing. This difference may or may not be important. When the judge thinks that it is likely to distort the charge as a whole or unfairly favor one party, he may solve the problem either by declining to give or by declining to hand over any written instructions, or by reducing his entire charge to writing and reading it to the jury."

The foregoing was a criminal case, but the same reasoning applies in a civil case, and we are aware of no federal precedent to the contrary.

A judgment will be entered affirming the judgment of the District Court.