298 So.2d 700 (1974)
Mrs. Pauline ALTOM
v.
T. W. WOOD.
No. 47619.
Supreme Court of Mississippi.
August 5, 1974.
*701 Parker, Randle & Winston, Tupelo, for appellant.
Mitchell, Rogers & Eskridge, Tupelo, for appellee.
GILLESPIE, Chief Justice:
Mrs. Pauline Altom (plaintiff) sued T.W. Wood (defendant) in the Circuit Court of Lee County for personal injuries. The jury returned a verdict for plaintiff in the sum of $2,500. Plaintiff appealed, contending the damages are inadequate. Defendant cross-appealed, complaining of certain errors in instructions to the jury. We hold the damages inadequate and affirm on the condition that defendant consents to an additur of $10,000. We find no reversible error on the cross-appeal.
Plaintiff was driving her automobile at night on a public road at a speed of twenty or thirty miles per hour. Defendant operated a farm adjacent to the road plaintiff was traveling and the fences were in a state of disrepair. Defendant's Black Angus cows got into the road and as plaintiff passed she drove around one cow but struck another. The proof fully justified the jury in finding that defendant negligently permitted his cows to get out of his enclosure and into the roadway. George v. Perkins, 221 So.2d 717 (Miss. 1969).
The plaintiff is 36 years old. She was taken from the scene of the wreck to the hospital in an ambulance. After being x-rayed she went home but went back to the hospital the next day. It was subsequently determined from a myelogram and other medical procedures that plaintiff had a herniated disc resulting from the accident. Surgery was performed about two months after the accident and the pain she had been experiencing improved, but she has not been free from pain since the accident. At the time of trial, which was about ten months after the accident, plaintiff was totally disabled and would not be able to return to her work for at least a year after *702 reaching maximum recovery, which her physician hoped would be "in the near future."
Plaintiff's medical expenses were $1,955.07. She was earning about $4,000 a year at the time of the accident. The proof showed she would have a permanent disability of fifteen percent. As a result of the accident she discontinued going to night school studying cosmetology. Her loss of earnings would amount to about two years' earnings, or approximately $8,000.
After carefully considering the nature and extent of plaintiff's injuries, medical bills, loss of earnings, permanent disability, and pain and suffering, the Court is of the opinion that the verdict is contrary to the overwhelming weight of the credible evidence. Miss. Code Ann. 1972 § 11-1-55. We are mindful that although contributory negligence is not pleaded and no instruction on comparative negligence is requested, the jury may reduce an award by taking into account plaintiff's contributory negligence. Carr v. Cox, 255 So.2d 317 (Miss. 1971). If plaintiff was guilty of contributory negligence, it was slight in comparison with defendant's. Few acts constitute a greater threat to the safety of the traveling public than allowing a black cow to be on a black asphalt road in the nighttime.
We hold that this is a proper case for the Court to order an additur according to Code section 11-1-55. It is necessary for the Court to determine who has the option of accepting or rejecting the additur. In cases where the Court finds that the damages are excessive, and enters a remittitur, plaintiff has the option to accept the remittitur or have the case remanded for a new trial on the question of damages only. The reason is that in such case the order for a remittitur impinges on the right to trial by jury, and therefore the plaintiff has the option to either accept the reduced amount or have a new trial on the issue of damages only. On the other hand, where the Court finds the damages are inadequate and orders an additur, this also impinges on the right to trial by jury, and the defendant has the option of agreeing to pay the added amount beyond that which the jury gave, or submitting to a new trial on the question of damages only.
In 5 Am.Jur.2d, Appeal and Error, section 946, in discussing additur, it is stated:
"There are, however, numerous cases in which additur has been allowed on the same basis as a remittitur, that is, by allowing the party affected (the defendant in the case of additur) to accept a verdict for the added amount in lieu of the hazards of a new trial."
This question was discussed in Woodmansee v. Garrett, 247 Miss. 148, 153 So.2d 812 (1963), before the enactment of Code section 11-1-55. In that case the Court stated that in cases involving unliquidated damages the Court would not have the power to increase the verdict of the jury without the consent of the party prejudiced, as this would be violative of the constitutional guarantee of trial by jury.
On cross-appeal the defendant raises several questions involving instructions to the jury, none of which requires discussion.
This case will be affirmed on condition the defendant accepts an additur of $10,000, in which case judgment will be entered here in favor of the plaintiff for $12,500. In the event the defendant fails to accept the additur within fifteen days after the judgment of this Court becomes final, then the case shall be remanded for a new trial on the issue of damages only.
Affirmed on condition of acceptance of additur.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.