514 So.2d 1224 (1987)
Ionia JAMES
v.
Alice JACKSON.
No. 57196.
Supreme Court of Mississippi.
November 4, 1987.
Joseph L. McCoy, Lynn Brumfield, McCoy, Wilkins, Noblin & Stephens, Jackson, for appellant.
Mark T. Fowler, Paul Snow, Snow & Associates, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
The appropriateness of an additur in this automobile negligence action for personal injuries is in question in this appeal. Alice Jackson, who was injured in an intersection collision in Jackson, sued Ionia James, the defendant, in the First Judicial District of Hinds County.
At the time of the trial, the defendant admitted liability, and the jury was instructed to return a verdict for the plaintiff. From a jury verdict of $1,000.00, the circuit court ordered the defendant elect an additur of $2,000.00 or a new trial. From this order, the defendant, Ionia James, appeals and assigns as error:
(1) THE CIRCUIT COURT ERRED IN ORDERING THAT A NEW TRIAL BE GRANTED UNLESS THE DEFENDANT ACCEPTED AN ADDITUR OF $2,000.
The plaintiff, Alice Jackson has cross-appealed, feeling aggrieved as to the amount of the damages awarded by the jury and added by the circuit court. She assigns as error that:
*1225 (1) THE CIRCUIT COURT ERRED BY ALLOWING AN ADDITUR OF ONLY $2,000 WHEN THE INCURRED SPECIAL DAMAGES EXCEEDED $4,400.

FACTS
This action derived from a car accident on May 19, 1984 in which Alice Jackson suffered personal injuries. Ionia James, the defendant, was traveling approximately 35 miles per hour in a residential area within a 30 mile per hour speed zone. James ran a red traffic light at the intersection of Northwest Street and Mayes Street in Jackson, Mississippi and collided with Mrs. Jackson.
At trial, Mrs. James admitted liability, and a peremptory instruction was given by the court instructing the jury to return a verdict for the plaintiff. The jury returned a verdict in the amount of $1,000.
Thereafter, Mrs. Jackson made a motion for a new trial unless the defendant accept an additur, which motion was granted by the trial court, ordering an additur of $2,000. Mrs. James declined to accept the additur and elected to appeal from the order granting a new trial as authorized by Miss. Code Ann. § 11-7-213 (1972).
Thereto Mrs. Jackson has cross-appealed. She claims that her special damages incurred in the past exceeded $4,400 and that the award of a total of $3,000 is not reasonable.

I.

DID THE CIRCUIT COURT ERR IN ORDERING A NEW TRIAL UNLESS THE DEFENDANT ACCEPTED AN ADDITUR OF $2,000?
In arguing the error of the trial court, Mrs. James points to the Miss. Code Ann. § 11-1-55 (Supp. 1985). Section 11-1-55 provides:
... [A] court of record in a case in which money damages were awarded may overrule a motion for new trial ... upon condition of additur ... if the court finds that the damages are ... inadequate for the reason that the jury ... was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence... .
With the rational of this code section in mind, Mrs. James argues that an additur may be granted in two situations: "(1) If the court finds that the jury ... was influenced by bias, prejudice or passion; or (2) If the damages were contrary to the overwhelming weight of credible evidence." Biloxi Electric Co., Inc. v. Thorn, 264 So.2d 404, 405 (Miss. 1972).
To reinforce this argument, Mrs. James incorporates the rational in Biloxi Electric Co., Inc. This Court in Biloxi states, "... The only evidence of corruption, passion, prejudice or bias on the part of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of damages." Id. at 406.
Therein, a consideration of the elements of damages is needed to determine if there was any indication of bias, prejudice, or passion on the part of the jury. The jury was instructed to consider the following elements of damages in arriving at their verdict: (1) past and future pain and suffering; (2) past and future medical expenses; (3) lost wages; (4) future disability.

PAST AND FUTURE PAIN AND SUFFERING
Mrs. James argues that Mrs. Jackson testified that her neck, arms, back and leg were all injured in the accident. Mrs. Jackson complained of a severe reoccurrence of neck pain in September of 1984, and was hospitalized for five days. She was treated with cervical traction, physical therapy and medication. Following this episode, she was again hospitalized in January of 1985. Throughout this time, the opinion of Dr. David E. Lipton, an orthopedic surgeon, was that Mrs. Jackson was in pain.
In addition to Dr. Lipton, Dr. Kendall Blake, orthopedic specialist, testified as an expert witness for Mrs. James. Although Blake had not examined the plaintiff, he studied the hospital records. Blake testified that the medicine administration record from the September, 1984 hospitalization showed that the plaintiff never requested pain or sleep medication while she was in the hospital and that during the *1226 January hospitalization Mrs. Jackson asked for only one pain pill.
Along with the evidence from the chart, Dr. Blake made reference to Mrs. Jackson's x-rays which showed no signs of a muscle spasm. The doctor explained that although x-rays do not actually show the muscles, one can see the results of a muscle spasm on an x-ray  a muscle spasm of the neck causes straightening of the usual curve of the neck. Dr. Blake's opinion was that Mrs. Jackson "had no significant injury" in the accident. Additionally, Dr. Blake opined that the x-rays evidenced old traumas from plaintiff's prior accidents, thereby evidencing a pre-existing orthopedic condition. However, the doctor further testified that, assuming Jackson had no neck problem prior to this accident, but did so after this accident, this accident did aggravate her pre-existing bone condition.
In rebuttal to Dr. Blake's opinion, counsel for Mrs. Jackson points out that Dr. Blake testified for the defendant after spending a total of one hour examining the hospital record. Thereto, counsel argues that Dr. Blake never examined Mrs. Jackson. Yet, counsel for Mrs. Jackson balks, "He testified that because he did not see any objective x-ray change, that in his opinion, Mrs. Jackson was not hurt at all in the accident."
In conclusion, Jackson asserts that the jury was highly prejudiced by Dr. Blake's testimony, giving little weight to the pain Mrs. Jackson suffered in the past and was likely to suffer in the future.

PAST AND FUTURE MEDICAL EXPENSES
Along with the element of pain and suffering, the element of past and future medical expenses is essential to this case. As proof of her past medical expenses, counsel for Mrs. Jackson offered into evidence several medical bills totaling $3,756.64.
With this cost in mind, counsel for Mrs. James argues that Dr. Lipton's bill of approximately $2,000.00 was excessive, unnecessary and unreasonable.
In support of this contention, defendant asserts that although Miss. Code Ann. § 41-9-119 (1972) provides that proof that medical bills were incurred because of injury is prima facie evidence that the bills were necessary and reasonable, the opposing party may present proof rebutting the necessity and reasonableness of the bills. This Court has stated:
When a party takes the witness stand and exhibits bills for examination by the court and testifies that said bills were incurred as a result of the injuries complained of, they become prima facie evidence that the bills were necessary and reasonable. However, the opposing party may, if desired, rebut the necessity and reasonableness of the bills by proper evidence. The ultimate question is then for the jury to determine.
Jackson v. Brumfield, 458 So.2d 736, 737 (Miss. 1984).
On the other hand, plaintiff argues that to allow the presumption of necessity and reasonableness, as set out in the statute, to be overcome by the simple method of refuting the reasonableness of the charge defeats the intent and purpose of § 41-9-119 (1972) and renders it useless. With this in mind, counsel for Mrs. Jackson protests that the jury honestly did not follow the instructions of the court. Therein, he feels the trial judge was correct in ordering an additur.

LOST WAGES
An additional area of damages was Mrs. Jackson's lost wages. Mrs. Jackson said that she could not work the week after the collision and for the period of time she was hospitalized. Taking into consideration she earned $200 per week, counsel for Mrs. Jackson claims she is entitled to $600 in lost wages.

FUTURE DISABILITY
In line with the argument on lost wages, counsel for Mrs. James also rebuts the claims of future disability made by Mrs. Jackson. This claim of future disability is linked with Dr. Lipton's testimony that the accident made Mrs. Jackson more proned to further neck difficulties. However, Mrs. James argues, "Dr. Blake's opinion was that there was nothing wrong with the plaintiff and that she had not been injured in the accident."

*1227 II.
Obviously, each party presents a contrasting version of the amount of Mrs. Jackson's damages. In order to resolve this issue, this Court, in prior decisions, has addressed the appropriate procedure in connection with additur.
Considering the defendant's admission of liability, the conflicting proof of plaintiff's injury and causation, but together with actual compensatory damage to the plaintiff of approximately $4,600.00, without any apparent award of pain and suffering or future disability, the trial court, following the standard set out in Walton v. Scott, 365 So.2d 630 (Miss. 1978), acted properly in determining that the award of $1,000.00 was so inadequate to "strike mankind at first blush as being unreasonable and outrageous." Walton, supra, City of Jackson v. Ainsworth, 462 So.2d 325 (Miss. 1984).
Secondly, with the preceding precedent in mind, this appellate court should reverse the trial judge's actions only in the event that he manifestly abused his discretion. In support of this contention, Justice Jones in Biloxi Electric Co., supra, writes, "[T]he decisive question in this case is whether the appellant has shown that the trial court manifestly abused its discretion in granting a new trial... ." Biloxi Electric Co., supra at 406.
As in the City of Jackson case, this Court in reviewing the trial court's action holds that the judgment of $2,000.00 is a "reasonable exercise of discretion in response to an inadequate damage award." City of Jackson, at 330. The trial court was correct in ordering an additur, or in the alternative a new trial.

III.

CROSS-APPEAL

DID THE LOWER COURT ERR BY ONLY ALLOWING AN ADDITUR OF $2,000 WHEN THE SPECIAL DAMAGES IN THE PAST EXCEEDED $4,400 SINCE DEFENDANT ADMITTED LIABILITY?
Counsel for Mrs. Jackson argues that the additur granted by the trial court was insufficient to adequately compensate the appellee for her injuries. Therein, Alice Jackson respectively submits that she was entitled to an additur of $600, for her lost wages, plus $3,881.54 for her medical expenses, special damages for pain and suffering, and permanent disability.
Considering the testimony that the plaintiff had a preexisting degenerative vertebra condition, or osteoarthritis condition, the trial court's additur of $2,000.00 was a proper exercise of discretion.
Therein, the judgment of the circuit court granting an additur of $2,000.00 should be affirmed, and the appellee granted a new trial on damages only unless the appellant accepts an additur within ten (10) days of final judgment of this Court.
AFFIRMED ON BOTH DIRECT APPEAL AND CROSS-APPEAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.