606 So.2d 114 (1992)
Leonard D. ODOM & Teena Odom
v.
Albert V. ROBERTS.
No. 90-CA-0257.
Supreme Court of Mississippi.
August 31, 1992.
*116 James W. Nobles, Jr., Jackson, for appellants.
John H. Downey, Jackson, Anselm J. McLaurin, McLaurin & McLaurin, Brandon, for appellee.
EN BANC.

ON PETITION FOR REHEARING
SULLIVAN, Justice, for the Court:
This matter is before this Court on petition for rehearing. The petition for rehearing is granted. The opinion formally released on July 24, 1991, is modified and appears as Part I below. The principal issue addressed on rehearing appears in Part II below.

PART I.
On November 7, 1986, Leonard Odom, his wife, Teena, and their four year old son, Jason, were driving through an intersection at the Highway 80 and North Bierdman Road intersection in Pearl, Mississippi, when they were struck by a car driven by eighteen year old Albert V. Roberts. Albert, not seeing a red light, failed to stop and drove through the intersection.
After the accident, an ambulance was called, and Teena and Leonard were transported to Baptist Medical Center ("Baptist"). Dr. Grissom examined Teena and Leonard, took x-rays, and finding no injuries, released the Odoms.
Although Dr. Grissom found no injuries, both of the Odoms had continuing pain after the accident. A week after the accident both Leonard and Teena saw Dr. McCraney at the Jackson Bone and Joint Clinic.
Approximately a month later, the Odoms sought treatment from their family physician, Dr. Bobo. After approximately three or four visits to Dr. Bobo, the Odoms were referred back to Dr. McCraney, who allegedly refused to see them when he found that they had no money to pay for his services.[1]
In October, 1988, almost two years after the accident and approximately a year and a half after the Odoms last saw a physician for their complaints, the Odoms saw an attorney, James Nobles. Nobles referred the Odoms to Dr. Vise, who agreed to assess and treat them with his fees being paid from any recovery awarded to the Odoms in their lawsuit against the father of Albert V. Roberts.
After the examination, Dr. Vise concluded that Teena had a few tender areas in the muscles of her back and right buttock, which he diagnosed as post-traumatic fibral myalgia.[2] Dr. Vise recommended that Teena return for physical therapy, receive low-voltage muscle stimulation to the tender areas, take an anti-inflammatory drug for two months, and have cortisone injections into her neck and left chest wall, but Teena did not follow up for any further treatment.
*117 Dr. Vise performed an arthroscopy on Leonard's shoulder and found an extensive tear in the shoulder joint, a partial tear along the biceps tendon, and a tear on the underneath side of the rotator cup. There was no dislocation at the time of surgery.
As a result of the injuries, the Odoms claim that they have incurred pain and suffering, limitation of activities, and a loss of income. The Odoms brought suit against Albert F. Roberts, the father of Albert V. Roberts, to recover their medical expenses, which totalled $1,483.80 for Teena, and $6,511.10 for Leonard, pain and suffering, and loss of income. Mr. Roberts was later dismissed and the case proceeded against the son, Albert V. Roberts. Aetna Casualty & Surety Company intervened in the suit as a party plaintiff.
Due to Albert's admission that he ran the red light and caused the accident, the judge directed the jury to return separate verdicts in favor of the Odoms. The jury, then, awarded Teena $336.25 and Leonard $240.75.[3]
The Odoms timely filed a Motion for Judgment Notwithstanding the Verdict or, in the alternative, a Motion for Additur or a New Trial or, in the alternative, a Motion for a Mistrial. The trial court overruled the motions.
The Odoms appeal assigning three errors. Finding merit to the second assignment, we affirm on condition of additur. If Roberts does not accept the additur, we reverse for a new trial on damages alone.

THE LAW

I.

DID THE TRIAL COURT ERR IN OVERRULING THE PLAINTIFFS' MOTION FOR A MISTRIAL PURSUANT TO RULE 609(a), M.R.E.?
During cross-examination, Roberts' counsel asked Leonard whether he previously had been convicted of the crime of shoplifting. Leonard objected and moved to strike. Additionally, Leonard moved for a mistrial.
The trial court granted the Odoms' Motion to Strike the Testimony. The trial court, then, admonished the jury to disregard the questions and answers and then polled the jury. When no juror indicated that he could not disregard the questions or answers or could not completely put the matter aside and not allow it to influence the verdict, the trial court denied the Odom's motion for a mistrial.
At the conclusion of the trial, the Odoms filed a Motion for Judgment Notwithstanding the Verdict, or in the alternative for an Additur or a New Trial, or in the alternative a Renewed Motion for a Mistrial. In each of these motions, the Odoms alleged that they were prejudiced by the jury hearing the inadmissible testimony of Leonard's prior crime of shoplifting.
Because this Court presumes that jurors will follow a trial court's instructions, generally we will find that a trial court's admonishment to the jury to disregard an improper question and answer and a jury poll to determine whether each juror can disregard the improper testimony sufficient to cure any taint. Parker v. Jones County Community Hosp., 549 So.2d 443, 445-46 (Miss. 1989); Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 294-95 (Miss. 1988); Henderson v. State, 403 So.2d 139, 140 (Miss. 1981). Assuming, without deciding, that the question and answer concerning Leonard's shoplifting conviction was improper, we conclude that the improper testimony had no discernible effect on the jury's award. The trial court's denial of the motion was not an abuse of discretion.

II.

DID THE TRIAL COURT ERR IN OVERRULING PLAINTIFFS' MOTION FOR A NEW TRIAL BECAUSE THE VERDICT WAS AGAINST THE OVERWHELMING *118 WEIGHT OF THE EVIDENCE?

III.

DID THE TRIAL COURT ERR IN OVERRULING PLAINTIFFS' MOTION FOR AN ADDITUR BECAUSE THE JURY WAS INFLUENCED BY BIAS, PREJUDICE AND PASSION IN DETERMINING THE AWARD OF DAMAGES?
At the conclusion of the trial, the jury awarded damages. Based on the award, the trial court concluded that an additur and a new trial were not required. This Court gives the trial court great deference in determining whether a new trial should be granted. Motorola Communications. & Electronics, Inc. v. Wilkerson, 555 So.2d 713, 723 (Miss. 1989); cf., Rule 59(a), M.R.C.P. If there is substantial evidence to support the jury award, or if the award is not so large or inadequate as to shock the conscience of the Court, or is not the result of bias, passion or prejudice on the part of the jury, this Court will not reverse an award of damages. Purina Mills, Inc. v. Moak, 575 So.2d 993, 997 (Miss. 1990); Motorola, 555 So.2d at 723. However, if this Court, or any other court of record, "finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence," a motion for a new trial still may be overruled upon condition of additur or remittitur. Miss. Code Ann. § 11-1-55 (Supp. 1990).
The Odoms had the burden of proving their injuries, damages, and loss of income. Butler v. Pembroke, 568 So.2d 296, 298 (Miss. 1990). In determining whether the Odoms met their burden, we view the evidence in the light most favorable to the party in whose favor the jury decided, giving that party all favorable inferences that reasonably may be drawn therefrom. Motorola, 555 So.2d at 723 [citing Phillips v. Dow Chemical Co., 151 So.2d 199, 201 (Miss. 1963)]. When testimony is contradicted, this Court will defer to the jury, which determines the weight and worth of testimony and the credibility of the witness at trial. Stubblefield v. Walker, 566 So.2d 709, 712 (Miss. 1990); Motorola, 555 So.2d at 723. If the testimony at trial is uncontradicted, and additionally is "inherently probable, reasonable, credible and trustworthy," this Court will find that the jury must have accepted the evidence as true. James v. Mabus, 574 So.2d 596, 600 (Miss. 1990).
After carefully reviewing the record, we find that the evidence that Albert V. Roberts was at fault for the accident and that the Odoms incurred some medical expenses as a result of the accident was uncontradicted. We are not persuaded that the evidence was not contradictory on the issues of whether Leonard's right shoulder injury actually occurred during the accident; Teena had actual chronic pain; and the Odoms suffered a loss of income. Because the evidence on these issues was disputed, we find that the jury did not have to accept the Odoms' testimony.
In conclusion, we defer to the jury's award to the Odoms of the cost of their initial medical expenses on the day of the accident and their medical examinations one week after the accident. The jury, also, should have awarded the Odoms the cost of their prescriptions associated with the two examinations. The failure of the jury to award the Odoms their prescription expenses shows that the damages awarded were contrary to the overwhelming weight of credible evidence.
Based on the foregoing, we impose condition of additur pursuant to Miss. Code Ann. § 11-1-55 (Supp. 1990). We find that Leonard is entitled to an additur of $10.95 for his prescription and Teena $21.55 for her prescriptions. If Roberts refuses to accept the additur, the Odoms will be entitled to a new trial on the issue of damages.

PART II.
Having held the Odoms entitled to an additur, albeit one far more modest than *119 they have claimed, we turn to the principal question presented on rehearing, who has the election of accepting the additur, failing which that party suffers a new trial on damages only. We find this a discrete point of civil procedure, heavily underscored by the constitutional right to trial by jury, but upon which the Court has spoken with inconsistent voices. In Altom v. Wood, 298 So.2d 700, 702 (Miss. 1974), we held the election exclusively that of the defendant, the party disadvantaged by the additur, or, more precisely, the party who by the additur had been rendered less well off than the jury had left him. For years we followed this view routinely, albeit without discussion. See, e.g., Pham v. Welter, 542 So.2d 884, 889 (Miss. 1989); James v. Jackson, 514 So.2d 1224, 1227 (Miss. 1987); Cortez v. Brown, 408 So.2d 464, 472 (Miss. 1981). In Odom by and through Odom v. Parker, 547 So.2d 1155, 1157-58 (Miss. 1989), however, we held either party, plaintiff or defendant, had the right to refuse the additur, and we did so in an opinion which, for better or for worse, fails to encounter Altom v. Wood, much less overrule it. Today, we confront the discrepancies between Altom v. Wood and Odom, by and through Odom v. Parker.[4]
Our analysis must begin with the right to trial by jury. This state's constitution holds, "The right of trial by jury shall remain inviolate." Miss. Const. Art. 3, § 31 (1890). One long-settled meaning of this right is, once a jury has returned a verdict in a civil action, that verdict severely restricts the power of the trial court, or this court on appeal, to interfere. Section 31 protects each party's verdict on the issues that each party has presented and litigated.
Yet, the right is not absolute. It is only so inviolate as it was at common law. Aldridge v. Bogue Phalia Drainage District, 106 Miss. 626, 628, 64 So. 377, 378 (1914); see also, Isom v. Mississippi Central Railroad Co., 36 Miss. 300, 307 (1858); Lewis v. Garrett, 5 How. 434, 453-55, 6 Miss. 434 (1841). Most prominent among those common law grounds on which a verdict may be disturbed are: (1) where the evidence is legally insufficient to support the challenged finding, a point conventionally raised by the motion for judgment notwithstanding the verdict; (2) where the verdict is contrary to the overwhelming weight of the evidence or evinces bias, passion or prejudice, commonly raised on the motion for a new trial; (3) where the trial court has committed an error of law regarding procedure or practice, as when inadmissible evidence has been allowed to go before the jury; or (4) where the trial court has erred as a matter of substantive law, as where the trial court has erroneously instructed the jury.
The motion for an additur and its mirror motion, one for a remittitur, are variants of the motion for a new trial, going solely to the issue of damages. It took a bit of legislative nudging that we accept these motions. The reason we historically hesitated was we feared an invasion of the constitutional right of trial by jury. See, e.g. Woodmansee v. Garrett, 247 Miss. 148, 153 So.2d 812 (1963). No one has yet devised a process for adjudging such a motion with mechanical certainty, nor is review for abuse of discretion a full antidote for trial court invasions of the right.
Section 11-1-55 is our present referent. That statute recites the historical common law expressions of the occasions when the court may set aside a jury verdict and order a new trial, i.e., when the jury was influenced "by bias, prejudice or passion" or when the "damages awarded were contrary to the overwhelming weight of credible evidence."[5] So seen, we trust it is *120 uncontroversial today that § 11-1-55 is but declarative of the common law exception to the constitutional right as existed from the beginning. Still, additurs and remittiturs crowd against the inviolate right. The statute employs a creative scheme that accommodates the right. The party whose verdict is being altered adversely to his interest  who is being put in a worse position than the jury put him  is given the procedural opportunity to claim his right to object, to say "No" to the additur or remittitur, as the case may be, and start from scratch at a new trial on damages only. See Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1163 (Miss. 1992). The scheme has the further advantage of avoiding costly and time consuming new trials where the party disadvantaged by the additur or remittitur finds it a disadvantage he can live with. See Biloxi Electric Co. v. Thorn, 264 So.2d 404, 406 (Miss. 1972).
On today's appeal, the Odoms have argued strongly they were entitled to an additur. This Court has agreed, in part, and has ordered an additur in the aggregate sum of $32.50. We have so held on grounds the failure of the verdict to include these sums, relating to the cost of prescription drugs, "shows that the damages awarded were contrary to the overwhelming weight of the credible evidence." This and the Odoms' resistance require that we be clear what is meant in law when the court fixes the amount of an additur. The granting of an additur to a plaintiff in the amount of $X by definition holds that the plaintiff is not entitled to an additur of $X plus 10. The standard is this: The trial court initially, or this Court on appeal, should aim at the amount of additur, which when added to the original verdict, would yield the lowest verdict that could withstand a motion for additur, given the evidence. See Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1163 (Miss. 1992). Where, as here, the ground for additur was the verdict on damages was contrary to the overwhelming weight of credible evidence, it follows on principle that the additur should be set in such an amount that, when it is added to the original verdict, the court could no longer hold the verdict contrary to the overwhelming weight of the evidence.
The Odoms and Robertses have endured the slings and arrows of trial by jury. The Odoms have won as a matter of law on the issue of liability and the jury has found damages for Teena of $336.25 and for Leonard in the sum of $240.75. What is important here is to realize, with respect to all amounts of damage the Odoms claimed over and above the verdict, the jury found for Roberts. In every significant sense, Roberts has submitted to trial by jury and has received a constitutionally protected verdict in his favor on all damages issues in excess of the sums provided in the verdict. Roberts may now be stripped of this verdict, consistent with the constitution, only to the extent that it is contrary to the overwhelming weight of the evidence and we have held this is so only to the limited sums of $10.95 for Leonard and $21.55 for Teena.
All of this flows freely from Altom v. Wood which proceeded on the premise that motions for additur and remittitur mirrored one another. See Biloxi Electric Co. v. Thorn, 264 So.2d 404, 405 (Miss. 1972). Altom recognized the rule around the country was that the right to accept the additur, on pain of a new trial on damages only if he does not, was limited to "the party affected (the defendant in the case of additur)," Altom, 298 So.2d at 702, citing 5 Am.Jur.2d, Appeal & Error § 946. Stating the law of this state, Altom first addressed the matter of a remittitur:
In cases where the court finds that the damages are excessive, and enters a remittur, plaintiff has the option to accept the remittur or have the case remanded for a new trial on the question of damages only. The reason is that in such *121 case the order for a remittur impinges on the right to trial by jury, and therefore the plaintiff has the option to either accept the reduced amount or have a new trial on the issue of damages only.
Altom, 298 So.2d at 702. (Emphasis supplied). Turning to the matter of additur, the court found this the other side of the coin:
On the other hand, the court finds the damages are inadequate and orders an additur, this also impinges on the right to trial by jury, and the defendant has the option of agreeing to pay the added amount beyond that which the jury gave, or submitting to a new trial on the question of damages only.
Altom, 298 So.2d at 702. (Emphasis supplied). Altom affirmed a jury verdict for plaintiff in the sum of $2,500, conditioned upon defendant's acceptance of an additur of $10,000.00. The Court expressly held only the defendant had the choice of accepting the additur or suffering a new trial on the issue of damages only. Altom, 298 So.2d at 702.
It must be conceded, Parker holds otherwise. In Parker, the jury had found for plaintiffs in the sum of $1,516.49 and the circuit court had granted plaintiffs an additur of $983.51, for a total judgment of $2,500.00. A fair reading of the Parker opinion suggests the Court was principally convinced the additur awarded in the circuit court had been substantially inadequate. We referred to the additur given as one "that is of no benefit to the plaintiff." Parker, 547 So.2d at 1158. We think it fair to say that the Parker court considered that, even with the increased judgment of $2,500.00, the sum so awarded the plaintiff was still so low that it was contrary to the overwhelming weight of the evidence or, more precisely, that the trial court had abused its discretion in awarding so modest an additur. See, e.g., Mississippi State Highway Commission v. Warren, 530 So.2d 704, 707 (Miss. 1988); James v. Jackson, 514 So.2d at 1227.
The Parker Court was appropriately concerned on principle that the parties' rights with respect to rejecting the additur be put on the parity with the established rights of the parties with regard to remittiturs. We were on the right track, though "mirror" captures the point better than "parity." The motions should and do mirror one another. Biloxi Electric Co. v. Thorn, 264 So.2d 404, 405 (Miss. 1975). The Parker Court mistakenly read our prior law, however, to authorize the defendant to reject an order of a remittitur and, proceeding on the parity principle, then said the plaintiff should have the right to reject an additur.
The correct rule is that stated in Altom v. Wood. By way of amplification, in the case of a remittitur, that is, where the trial court has granted a remittitur, or, in the alternative, a new trial on the issue of damages only, the plaintiff only may elect (1) to reject the remittitur and have the case retried on the issue of damages only, (2) to appeal to this court on grounds the circuit court should not have granted the remittitur at all, or, alternatively, the remittitur granted was legally excessive, or, (3) to accept the remittitur. In such a case the defendant's only procedural avenue is that it may (cross) appeal to this court arguing that the trial court abused its discretion and that the remittitur was legally inadequate.
Where the trial court has granted an additur, or, in the alternative, a new trial on the issues of damages only, the defendant only may elect (1) to reject the additur and have the case retried on the issue of damages only, (2) to appeal to this court on grounds the circuit court should not have granted the additur at all, or alternatively, the additur granted was legally excessive, or, (3) to accept the additur and pay the judgment. The plaintiff can only (cross) appeal to this court arguing that the trial court abused its discretion and that the additur is legally inadequate.
Where the trial court has denied a remittitur, the defendant may appeal to this court on grounds the trial court abused its discretion in failing to order the remittitur and, if he can convince the court on that score, may argue that the damage award be reduced to such amount as would no longer be contrary to the overwhelming *122 weight of credible evidence. If the defendant should be successful, to any extent, the plaintiff would then have the option of accepting the remittitur or going to trial again on the issue of damages only. Conversely, where, as here, the trial court has denied a plaintiff's motion for an additur, the plaintiff may appeal on grounds that the trial court had abused its discretion in failing to order an additur, whereupon it becomes incumbent upon this court, if it finds the trial court did abuse its discretion, to order an additur up to the point where the verdict is no longer so low that it is contrary to the overwhelming weight of the credible evidence. This we have done on the appeal of Teena and Leonard Odom. And it follows from what we have said, the right to accept the additur (and pay the judgment), on pain of a new trial on damages only, lies exclusively with the defendant, Albert V. Roberts.
We reaffirm the view taken by this court in Altom v. Wood, 298 So.2d 700 (Miss. 1974). Odom by and through Odom v. Parker, 547 So.2d 1155 (Miss. 1989), stands overruled to the extent that it may be seen in conflict with what we decide today, and the same holds for any prior decisions intimating a view contrary to today's.
PETITION FOR REHEARING GRANTED; OPINION MODIFIED; AFFIRMED ON CONDITION OF ADDITUR; IF REFUSED, REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES ONLY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J., and PRATHER, ROBERTSON and PITTMAN, JJ., concur.
BANKS, J., dissents with separate written opinion.
McRAE, J., not participating.
BANKS, Justice, dissenting:
Because I believe that we got it right in Odom by and through Odom v. Parker, 547 So.2d 1155 (Miss. 1989), I dissent.
I do not agree that a judicial award of the least or the most that the offended litigant would have been awarded or suffered at the hands of a fair-minded jury cures the verdict rendered by a jury, where such verdict is so out of accord with the evidence that it can be said to evince bias and prejudice on the part of the jury.
The majority suggests that the "bias and prejudice" standard is just another way of saying that the verdict is erroneous as a matter of law and that all that is required is a judgment notwithstanding the verdict of sorts. That is, enough should be added or subtracted from the jury's verdict to make it legal and no more. In this way, it is said, the party with the benefit of the illegal verdict has its right to a jury trial protected.
In my view, both sides have a right to a jury trial and a fair trial at that. A verdict which, as to damages, is so disconsonant with the evidence as to evince bias and prejudice should be treated as a nullity with no party having rights therein. The trial court's suggestions as to adjustments to damages, in the form of an additur or remmittitur, should be taken as just that, suggestions which the parties may accept in lieu of new trial. Such a procedure would promote a suggested award which is fairly responsive to the evidence rather than one targeted to a minimum sustainable verdict.
NOTES
[1] Leonard's medical bills, however, show that he was treated by Dr. McCraney three times after Dr. McCraney allegedly refused to treat the Odoms.
[2] Dr. Vise explained this condition as "a garbage basket or pail of symptoms that don't fit into any other pictures. In other words, somebody who has an accident, say, they don't break a bone, they don't dislocate, they don't rupture a tendon, they're left with all this muscle soreness and stuff and that's what, but in the condition we don't diagnose it until it becomes chronic."
[3] Teena's award represented $301.25 for her medical expenses incurred at Baptist on the day of the accident and $35.00 for the office visit with Dr. McCraney a week after the accident. Leonard's award represented $200.75 his medical expenses incurred at Baptist on the day of the accident and $40.00 for his office visit with Dr. McCraney on November 14, 1986.
[4] Below we refer to the case as "Parker" to avoid confusion with the case at bar.
[5] Though stated in different terms, these two standards have long been regarded as saying essentially the same thing. The overwhelming weight of credible evidence standard is an objective one. Trial courts apply this standard by reference to the law on recoverable damages when applied to the evidence before them. We review such matters on appeal for abuse of discretion. The bias, prejudice or passion standard is a purely circumstantial one. Obviously we will have no way of knowing what was in the jury's mind. What we do though is have our trial courts look at the amount of the verdict and, by comparison of the evidence, in certain cases hold that the amount is so low that it could only have been returned by a jury influenced impermissibly by a bias, prejudice or passion. Matkins v. Lee, 491 So.2d 866, 868 (Miss. 1986); City of Jackson v. Ainsworth, 462 So.2d 325, 328 (Miss. 1984); Biloxi Electric Co. v. Thorn, 264 So.2d 404, 406 (Miss. 1972).