547 So.2d 1155 (1989)
Sherri Leigh ODOM, a Minor, By and Through her Mother and Next Friend, Brenda J. ODOM
v.
Clint PARKER, et al.
No. 07-58607.
Supreme Court of Mississippi.
August 23, 1989.
Jayne L. Buttross, Jackson, Richard C. Fitzpatrick, Poplarville, for appellant.
Harry R. Allen, Robert W. Atkinson, Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, for appellees.
*1156 Before HAWKINS, P.J., and PRATHER and BLASS, JJ.
HAWKINS, Presiding Justice, for the Court:
Sherri Leigh Odom and her mother Brenda J. Odom as next friend have appealed from an order of the circuit court of Pearl River County granting an additur but not ordering a new trial on damages. Because the Odoms as plaintiffs were not afforded an election of choosing a new trial on damages, we reverse.

FACTS
On October 18, 1985, Clint Parker drove an automobile into the rear of another car stopped at an intersection, in which Sherri Leigh Odom, a minor, was a passenger, thereby causing a whiplash injury to her. Sherri Leigh's mother, Mrs. Brenda J. Odom, expended $1,516.49 for medical bills for Sherri Leigh.
Sherri Leigh, by and through her mother, and Mrs. Odom individually, sued Parker for her personal injuries in the circuit court of Pearl River County. Parker's insurance carrier paid Mrs. Odom $2,500 on the claim to be credited against any judgment rendered against Parker. There was no question as to liability.
Following trial the jury returned the following verdict:
"We, the Jury, find for the Plaintiff, Brenda J. Odom, and assess her damages at $1,516.49."
"We, the Jury, find for the Plaintiff, Sherri Leigh Odom, and assess her damages at Zero."
The Odoms made a motion for a new trial on, among other things, inadequacy of damages.
In his order overruling the motion for a new trial, the circuit judge noted that he could understand the jury's failure to award Sherri Leigh any sum of money, and furthermore observed that under this Court's many holdings a jury verdict should not be disturbed unless so out of line "as to be against the great weight of the evidence and shows the verdict is the result of passion, prejudice and bias."
The concluding paragraphs of the order then recited:
The Court finds that to award the plaintiffs in this case the total sum of $2,500.00 would be a verdict that would be completely fair and reasonable under the evidence that was adduced at trial and upon which the jury based its verdict.
7.
The Court finds that to grant an additur of $983.51 to Sherri Leigh Odom in addition to the judgment in favor of Brenda J. Odom in the amount of $1,516.49 would completely, adequately and fairly compensate the plaintiffs for the alleged injuries sustained in the incident in this cause.
IT IS THEREFORE ORDERED AND ADJUDGED that an additur in the amount of $983.51 be and the same is hereby granted to Sherri Leigh Odom and the Motion for New Trial be and the same is hereby overruled.
IT IS FURTHER ORDERED AND ADJUDGED that the $2,500.00 paid in advance of trial be and the same is hereby deemed to completely satisfy the judgment entered herein.
The Odoms have appealed.

LAW
We do find from the record in this case that Sherri Leigh was entitled to a new trial on the question of damages. While her injuries may or may not have been as great as she claimed, she did sustain a hematoma and a whiplash injury, causing a cervical strain which required medical treatment and which persisted. Clearly she was entitled to something more than nominal damages. The failure of the jury to make some award was unreasonable and evinced bias of some kind against *1157 her (although as the circuit judge observed she may by her conduct have deserved it).
Two statutes are involved in this case:
§ 11-7-213. New trials  on terms and only two to same party.
Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause. Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial. [Emphasis added]
§ 11-1-55. Authority to impose condition of additur or remittitur.
The supreme court or any other court of record in a case which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur. [Emphasis added]
We have held that in the absence of a specific finding by the circuit judge that the jury was influenced by bias, prejudice or passion, it is error to order a new trial or an additur or remittitur. Gibbs v. Banks, 527 So.2d 658 (Miss. 1988); McIntosh v. Deas, 501 So.2d 367 (Miss. 1987); compare, however, Dendy v. City of Pascagoula, 193 So.2d 559 (Miss. 1967).
The circuit judge is without authority to add to or subtract from a jury verdict simply because he does not agree with it, or would have awarded a different sum.
The circuit judge in this case recognized this rule of law, but attempted nonetheless to make some increase in the amount of damages. This was error, having failed first to find the verdict so unreasonable as to evince bias or prejudice.
On the other hand, Sherri Leigh was entitled to a new trial on damages, and the circuit judge erred in failing to so find.
A fair interpretation of Miss. Code Ann. § 11-1-55 is as follows: when either party moves for a new trial on the issue of damages, and the circuit judge finds merit in the motion, he can deny it upon condition of an additur or remittitur (as the case may be), which, however, must then be accepted by both parties. Thus, when the circuit judge finds the motion for a new trial on damages is meritorious, and enters such an additur or remittitur, each party must be given the choice of deciding whether: (1) he wants to accept it, or (2) he wants a new trial on damages, or (3) he wants to appeal the order as an abuse of discretion by the circuit judge.[1]
We have repeatedly held and recognized that when a motion for a new trial on damages is found by the circuit judge to be meritorious, the defendant may (1) refuse to accept the additur or remittitur and have the case re-tried on the amount of damages, (2) appeal the order to this Court on the basis that the circuit judge abused his discretion in disturbing the jury verdict at all, or in the amount of the additur or remittitur, or (3) accept the additur or remittitur and pay the judgment. City of Jackson v. Ainsworth, 462 So.2d 325 (Miss. 1984); Cortez v. Brown, 408 So.2d 464 (Miss. 1981); Toyota Motor Company, Ltd. v. Sanford, 375 So.2d 1036 (Miss. 1979); Standard Products, Inc. v. Patterson, 317 So.2d 376 (Miss. 1975); Mississippi State *1158 Highway Commission v. Rogers, 271 So.2d 731 (Miss. 1973).
We have never before addressed the specific question whether the plaintiff as the defendant has the absolute right to reject such remittitur or additur and have a new trial on damages, or must appeal the decision to this Court as an abuse of discretion. We see no reason for a distinction between the right of the defendant and the plaintiff in rejecting the additur or remittitur and having a new trial on the amount of the damages, rather than being required to appeal to this Court. When either the circuit judge or this Court directs an additur or remittitur this is usurping the function of a jury, and it should not be binding unless accepted by both parties. Either should have the absolute right if he chooses to risk another jury trial on the amount of the damages.
And, it is far more important to a plaintiff to be given such right than the defendant to be given it, because in most instances where the circuit judge enters such an order, the defendant risks nothing by appealing the order. It is not the same when the plaintiff is the "victim" in such an order.
When, as in this case, the circuit judge orders an additur that is of no benefit to the plaintiff, or directs a remittitur that eviscerates his claim, the plaintiff should not be required to appeal to this Court for relief, but should be given  if he chooses  the opportunity of having another jury trial on the amount of damages at the circuit court level.
Unfortunately in this case, the plaintiffs were not given the opportunity to reject the additur and insist upon a new trial on the amount of damages.
We therefore reverse and remand this cause to the circuit court for the circuit judge to consider whether to direct a new trial on damages, or direct an additur, in which latter even either party may accept or reject it and have a new trial on the issues of the amount of damages.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
NOTES
[1] Such a new trial order might be worded as follows:

A new trial on damages alone shall be held, unless an additur (remittitur) of $ ____, making the damage award $ ____ is accepted by the plaintiff and paid by the defendant with ____ days of this order.