# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-02408-SCT

*MARILYN C. DEDEAUX AND EUGENE*
*DEDEAUX*

*v.*

*PELLERIN LAUNDRY, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2003 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ROBERT H. TYLER |
| ATTORNEY FOR APPELLEE: | JOHN ROGER MILLER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED TO THE CIRCUIT COURT FOR A NEW TRIAL AS TO DAMAGES - 01/18/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.    After the Court of Appeals, in addressing an issue not raised on appeal, reversed the trial court judgment and remanded this case for a new trial on the issue of damages only, we granted certiorari to clarify an area of the law which had become muddled due to prior decisions from this Court. Having carefully considered the record and the issues before us,

we affirm the judgment of the Court of Appeals, though for reasons different from those stated by that Court.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     The facts relevant to the disposition of today's case are for the most part gleaned from the opinion of the Court of Appeals:

> Marilyn and Eugene Dedeaux filed a claim against Pellerin Laundry, Inc. alleging that they sustained multiple damages as a result of an automobile accident between a vehicle driven by Marilyn and a vehicle owned by Pellerin. The jury returned a verdict in Marilyn's favor and awarded her damages; however, it awarded zero damages to Eugene. In response, the Dedeauxes moved for a new trial on the issue of damages, or in the alternative, for an additur. The trial court denied the motion for a new trial, but granted . . . Marilyn an additur of $20,000 and Eugene an additur of $10,000. After a reduction to reflect Marilyn's percentage of fault, Marilyn received a total recovery of $31,011.36 , and Eugene received a recovery of $5,300.

*Dedeaux v. Pellerin Laundry, Inc.,* 2005 Miss. Ct. App. LEXIS 442, \*\*1, 3, ¶¶1, 5, (Miss. Ct. App. 2005).

¶3.     After the trial court entered its final judgment, Marilyn C. and Eugene Dedeaux filed their notice of appeal, and we assigned this case to the Court of Appeals.

## PROCEEDINGS IN THE COURT OF APPEALS

¶4.     Before the Court of Appeals, the Dedeauxes raised four issues: "(1) [whether] the jury award in favor of Marilyn was nominal and against the overwhelming weight of the credible evidence, (2) [whether] the jury verdict failing to grant damages to Eugene was against the overwhelming weight of the evidence, (3) [whether] the trial court erred in refusing to grant their motion for a new trial on the issue of damages, and (4) [whether] the trial court erred

2

in failing to grant a more substantial additur to the jury award in their favor." ***Dedeaux***, 2005 Miss. Ct. App. LEXIS 442, *2, ¶2. On the other hand, Pellerin Laundry, Inc., summed up the issue on appeal as whether the trial judge abused his discretion in denying the Dedeauxes' motion for a new trial on damages. Pellerin argued that the trial judge did not abuse his discretion and that the final judgment should be upheld. However, the Court of Appeals sua sponte decided "that Pellerin failed to affirmatively accept the additur in a timely manner; therefore, we order a new trial on the issue of damages only." ***Dedeaux***, 2005 Miss. Ct. App. LEXIS 442, *2, ¶3.

¶5.  The Court of Appeals determined that while the record revealed that the trial judge intended to grant a new trial on damages if Pellerin chose not to accept the court-ordered additur, the record was silent as to whether Pellerin had taken affirmative action to either accept or reject the additur; therefore, the Court of Appeals determined that a new trial as to damages was mandated pursuant to statute and case law. ***Dedeaux***, 2005 Miss. Ct. App. LEXIS 442, **7-8, ¶¶11-12. Subsequent to the judgment of the Court of Appeals, Pellerin timely filed a motion for rehearing before the Court of Appeals, asserting that it had timely accepted the trial court's additur by mailing separate checks payable to Marilyn and Eugene, and a Satisfaction of Judgment, to the Dedeauxes' attorney. Attached to the motion for rehearing were purported copies of the checks and Satisfaction of Judgment. Pellerin asserted that it never filed the Satisfaction of Judgment with the trial court because it was never signed by the Dedeauxes and returned to Pellerin. The Court of Appeals denied Pellerin's motion for rehearing, prompting Pellerin's filing of its petition for writ of certiorari

3

with us. Pellerin thereafter filed a supplemental brief pursuant to the provisions of M.R.A.P. 17(h).

## DISCUSSION

¶6. In considering the various issues which the parties raised before the Court of Appeals, as well as the additional issue generated by the Court of Appeals' disposition of this appeal by deciding, sua sponte, that this case had to be remanded for a new trial on the issue of damages only because "Pellerin failed to affirmatively accept the additur in a timely manner," we have concluded that we can combine these issues and restate the critical issue for clarity in today's discussion.

### WHETHER THE PLAINTIFFS ARE ENTITLED TO A NEW TRIAL ON THE ISSUE OF DAMAGES

¶7. Before proceeding further, we deem it necessary to give at least a brief history of how this Court has dealt with the issue of additur/remittitur. The following history will reveal that we have been less than consistent. In *Altom v. Wood*, 298 So.2d 700 (Miss. 1974), this Court was confronted with a claim by the plaintiff that the amount of the jury verdict ($2,500) in a personal injury action was inadequate; thus, this Court had no issue before it concerning the trial court's grant of an additur or a remittitur. *Id.* at 701. However, upon considering the amount of the jury verdict, when compared with the evidence, this Court determined that a grant of an additur was appropriate. *Id.* at 702. In considering the provisions of Miss.

4

Code Ann. § 11-1-55 (1972),[1] the Court also addressed the issue of which party had the

option of accepting or rejecting the additur. The Court found that in cases in which a

remittitur was ordered, the plaintiff had the option of accepting the remittitur or having the

case remanded to the trial court for a new trial on the issue of damages; however, in cases

in which an additur was ordered, the defendant had the option of accepting the additur or

having the case remanded to the trial court for a new trial on the issue of damages. *Id.* The

Court reasoned that a court-ordered remittitur or additur impinged on the right to trial by

jury; therefore, if a remittitur were ordered, the plaintiff had the option of accepting or

rejecting the remittitur, and if an additur were ordered, the defendant had the option of

accepting or rejecting the additur. *Id.* In reaching this conclusion, this Court acknowledged

the pre-statute case of *Woodmansee v. Garrett*, 247 Miss. 148, 153 So.2d 812 (1963), in

which this Court held that in cases involving unliquidated damages, the Court had no

authority to increase the amount of the jury verdict without the consent of the party

---

[1]Miss. Code Ann. § 11-1-55 (Rev. 2002) states:

The supreme court or any other court of record in a case in which money
damages were awarded may overrule a motion for new trial or affirm on direct
or cross appeal, upon condition of an additur or remittitur, if the court finds
that the damages are excessive or inadequate for the reason that the jury or
trier of the facts was influenced by bias, prejudice, or passion, or that the
damages awarded were contrary to the overwhelming weight of credible
evidence. If such additur or remittitur be not accepted then the court may
direct a new trial on damages only. If the additur or remittitur is accepted and
the other party perfects a direct appeal, then the party accepting the additur or
remittitur shall have the right to cross appeal for the purpose of reversing the
action of the court in regard to the additur or remittitur.

prejudiced, since such action "would be violative of the constitutional guarantee of trial by jury." *Altom*, 298 So.2d at 702. In the end, this Court affirmed on condition that the defendant accept an additur of $10,000, resulting in a judgment for the plaintiff in the amount of $12,500, failing which the case would be remanded to the trial court for a new trial on the issue of damages. *Id.*

¶8. Some fifteen years later, this Court considered the trial court's grant of an additur and likewise addressed the appropriate procedure to be followed upon a court-ordered additur. In *Odom v. Parker*, 547 So.2d 1155 (Miss. 1989) (*Parker*), the jury returned a verdict for the mother of an injured minor in the amount of $1,516.49, which mirrored to the penny the amount of medical bills incurred by the mother for treatment of her minor daughter; and, the jury likewise found for the injured minor, but awarded zero damages. *Id.* at 1156. In addressing the subsequently filed motion for a new trial, which, inter alia, claimed that the jury had awarded inadequate damages, the trial judge, without offering the election of a new trial as to damages, simply granted an additur of $983.51 in favor of the minor plaintiff, resulting in a total judgment for both plaintiffs in the amount of $2,500. *Id.* On appeal, this Court considered two statutes, one of which has since been repealed. The repealed statute, Miss. Code Ann. § 11-7-213, provided, inter alia, that when a motion for a new trial raised only the issue of whether the awarded damages were excessive or inadequate, "the party aggrieved may elect to appeal from the order granting a new trial." *Id.* at 1157. In reading section 11-7-213 in conjunction with section 11-1-55, and in applying prior case law, the Court found that, absent the trial judge making a specific finding that the jury verdict "was

6

influenced by bias, prejudice or passion, it is error to order a new trial or an additur or remittitur."[2] (citations omitted). *Id.* Of significant import, this Court stated:

> A fair interpretation of Miss. Code Ann. § 11-1-55 is as follows: when either party moves for a new trial on the issue of damages, and the circuit judge finds merit in the motion, he can deny it upon condition of an additur or remittitur (as the case may be), which, however, must then be accepted by both parties. Thus, when the circuit judge finds the motion for a new trial on damages is meritorious, and enters such an additur or remittitur, each party must be given the choice of deciding whether: (1) he wants to accept it, or (2) he wants a new trial on damages, or (3) he wants to appeal the order as an abuse of discretion by the circuit judge.
>
> We have repeatedly held and recognized that when a motion for a new trial on damages is found by the circuit judge to be meritorious, the defendant may (1) refuse to accept the additur or remittitur and have the case re-tried on the amount of damages, (2) appeal the order to this Court on the basis that the circuit judge abused his discretion in disturbing the jury verdict at all, or in the amount of the additur or remittitur, or (3) accept the additur or remittitur and pay the judgment. *City of Jackson v. Ainsworth*, 462 So.2d 325 (Miss. 1984); *Cortez v. Brown*, 408 So.2d 464 (Miss. 1981); *Toyota Motor Company, Ltd. v. Sanford*, 375 So.2d 1036 (Miss. 1979); *Standard Products, Inc. v. Patterson*, 317 So.2d 376 (Miss. 1975); *Mississippi State Highway Commission v. Rogers*, 271 So.2d 731 (Miss. 1973).
>
> We have never before addressed the specific question whether the *plaintiff* as the defendant has the absolute right to reject such remittitur or additur and have a new trial on damages, or must appeal the decision to this Court as an abuse of discretion. We see no reason for a distinction between the right of the defendant and the plaintiff in rejecting the additur or remittitur and having a new trial on the amount of the damages, rather than being required to appeal to this Court. When either the circuit judge or this Court directs an additur or remittitur this is usurping the function of a jury, and it should not be binding

---

[2]Actually, Miss. Code Ann. § 11-1-55 provides, inter alia, that an additur or remittitur may be ordered by the trial judge upon a finding that the jury verdict as to damages "was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence."

unless accepted by both parties. Either should have the absolute right if he chooses to risk another jury trial on the amount of the damages.

547 So. 2d at 1157-58 (emphasis in original) (footnote omitted).

¶9.     Because the trial judge did not offer the plaintiffs the option of rejecting the additur and demanding a new trial as to damages, the Court reversed the trial court judgment and remanded this case for the trial judge to then consider whether to order a new trial on damages or an additur, and in the event that the trial court ordered an additur, "either party may accept or reject it and have a new trial on the issues of the amount of damages." *Id.* at 1158.

¶10.    With our decision in *Parker*, we supposedly laid to rest the procedural quagmire which had evolved over time concerning the issues of additur/remittitur – new trial as to damages – which party was offered the election of accepting or rejecting or demanding a new trial on damages – and the like.  Because trial court intervention via the invocation of an additur or remittitur was nothing less than a judicial usurpation of the function of a jury, this Court in *Parker* found that a court-ordered additur or remittitur, as the case might be, would be binding only if accepted by both parties, and that either party should have the right of choosing "to risk another jury trial on the amount of damages." *Id.*

¶11.    Only three years later, we once again addressed this issue in *Odom v. Roberts*, 606 So.2d 114 (Miss. 1992) (*Roberts*).  In this personal injury action, the trial judge directed a verdict as to liability against the defendant and in favor of the plaintiffs; however, the jury returned verdicts awarding only nominal damages ($336.25 for the wife, and $240.75 for the

8

husband). *Id.* at 117. The trial judge overruled all post-trial motions, including the plaintiffs' motion for an additur, or alternatively, for a new trial on damages. *Id.* On appeal, this Court granted extremely modest additurs ($21.55 for the wife, and $10.95 for the husband), and directed that the plaintiffs were entitled to a new trial in the event the defendant refused to accept the additur. *Id.* at 118. However, we went further. In discussing *Altom* and *Parker*, we ultimately retreated from our position taken in *Parker*, and returned to the position taken by the Court in *Altom*. *Id.* at 121-22. In fact, in *Roberts*, we acknowledged that *Parker* was decided in an opinion which "fail[ed] to encounter *Altom v. Wood*, much less overrule it." *Id.* at 119. In reaffirming the view taken in *Altom* and expressly overruling *Parker*,[3] this Court stated:

> The correct rule is that stated in *Altom v. Wood*. By way of amplification, in the case of a remittitur, that is, where the trial court has granted a remittitur, or, in the alternative, a new trial on the issue of damages only, the plaintiff only may elect (1) to reject the remittitur and have the case retried on the issue of damages only, (2) to appeal to this court on grounds the circuit court should not have granted the remittitur at all, or, alternatively, the remittitur granted was legally excessive, or, (3) to accept the remittitur. In such a case the defendant's only procedural avenue is that it may (cross) appeal to this court arguing that the trial court abused its discretion and that the remittitur was legally inadequate.
>
> Where the trial court has granted an additur, or, in the alternative, a new trial on the issues of damages only, the defendant only may elect (1) to reject the additur and have the case retried on the issue of damages only, (2) to appeal to this court on grounds the circuit court should not have granted the additur at all, or alternatively, the additur granted was legally excessive, or, (3) to

_____

[3]Specifically, on this issue, this Court stated, "[*Parker*] stands overruled to the extent that it may be seen in conflict with what we decided today, and the same holds for any prior decisions intimating a view contrary to today's." 606 So.2d at 122.

accept the additur and pay the judgment. The plaintiff can only (cross) appeal to this court arguing that the trial court abused its discretion and that the additur is legally inadequate.

Where the trial court has denied a remittitur, the defendant may appeal to this court on grounds the trial court abused its discretion in failing to order the remittitur and, if he can convince the court on that score, may argue that the damage award be reduced to such amount as would no longer be contrary to the overwhelming weight of credible evidence. If the defendant should be successful, to any extent, the plaintiff would then have the option of accepting the remittitur or going to trial again on the issue of damages only. Conversely, where, as here, the trial court has denied a plaintiff's motion for an additur, the plaintiff may appeal on grounds that the trial court had abused its discretion in failing to order an additur, whereupon it becomes incumbent upon this court, if it finds the trial court did abuse its discretion, to order an additur up to the point where the verdict is no longer so low that it is contrary to the overwhelming weight of the credible evidence. This we have done on the appeal of Teena and Leonard Odom. And it follows from what we have said, the right to accept the additur (and pay the judgment), on pain of a new trial on damages only, lies exclusively with the defendant, Albert V. Roberts.

*Id.* at 121-22.

¶12.    As thus can be noted from a careful reading of *Roberts*, the Court not only returned to the procedure discussed in *Altom* concerning the appropriate action to be taken upon a grant or denial of an additur or remittitur, but likewise offered guidance to the trial judges concerning the appropriate amounts to be awarded upon granting an additur or remittitur. *Id.* at 120, 122. *See Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1163 (Miss. 1992). We stated that when determining the amount of the additur to be awarded, the trial judge (or the appellate court) "should aim at the amount of additur, which when added to the original verdict, would yield the lowest verdict that could withstand a motion for additur, given the evidence." *Roberts*, 606 So.2d at 120. Conversely, one can deduce that (by applying similar

10

logic) when the trial or appellate court is attempting to arrive at the appropriate amount of a remittitur, it should be done by arriving at the amount of the remittitur, which when reduced from the original verdict, would yield the highest verdict which could withstand a motion for remittitur, "given the evidence."

¶13.   We followed *Roberts*, when we again addressed the additur/ remittitur issue in *Hamilton v. Hammons*, 792 So.2d 956 (Miss. 2001).  This Court stated:

> Where the trial court has granted an additur or, in the alternative, a new trial on the issue of damages only, the *defendant only* may elect (1) to reject the additur and have the case retried on the issue of damages only, (2) to appeal to this court on grounds the circuit court should not have granted the additur at all, or alternatively, the additur granted was legally excessive, or, (3) to accept the additur and pay the judgment.  The *plaintiff can only (cross) appeal* to this court arguing that the trial court abused its discretion and that the additur is legally inadequate.

*Id.* at 966 (quoting *Roberts*, 606 So.2d at 121 (emphasis added).  We have also stated that once the trial court grants the additur, "the defendant has thirty days from the date of entry of the order granting the additur to accept the additur, reject the additur and request a new trial, or file an appeal to this Court." *Estate of Berry v. Dahlem*, 741 So.2d 932, 935 (Miss. 1999).

¶14.   Therefore, with all of this having been said, we certainly find no fault with the language incorporated into the Court of Appeals' opinion in today's case, where the Court of Appeals dutifully considered and applied the principles espoused by this Court in *Roberts*. However, upon reflection, this Court has come to the stark realization that the practical effect

11

of our decision in ***Roberts*** is grossly unfair to plaintiffs and defendants. Consider this example:

> A plaintiff has a case reasonably valued at $50,000. The jury returns a verdict for $1,000. The trial judge grants an additur of $1,000.

Thus, in applying ***Roberts*** to this factual scenario, only the defendant would have the option of rejecting the additur and electing to demand a new trial on damages; or appealing on the grounds that the trial court abused its discretion in granting the additur, or, alternatively, that the additur was excessive; or, accepting the additur and paying the judgment. ***Roberts***, 606 So.2d at 121. What rational, lucid defendant would not promptly pay the $2,000, and be done with the case, knowing that the defendant had been given a "gift" by the jury and the trial judge, and the plaintiff could do absolutely nothing about it? Additionally, a fair interpretation of ***Roberts*** and its progeny, ***Hamilton***, is that plaintiffs and defendants, depending on the circumstances, could be forever foreclosed from appealing from a trial court's denial of a motion for a new trial which had been filed on the grounds that the jury verdict (including the verdict as to damages), was contrary to the substantial weight of the evidence. *See, e.g.*, ***Jesco, Inc. v. Whitehead***, 451 So.2d 706, 714 (Miss. 1984) (Robertson, J., specially concurring). *See also* Miss. R. Civ. P. 59(a). Surely, this was not the intended consequences of our decision in ***Roberts***.

¶15.    Up to this point we have failed to mention one significant occurrence surrounding our decision in ***Roberts***, and that is the fact that Justice Banks wrote a succinct, yet eloquent dissent, which we set out here, verbatim:

12

Because I believe that we got it right in **Odom, by and through Odom v. Parker**, 547 So. 2d 1155 (Miss. 1989), I dissent.

I do not agree that a judicial award of the least or the most that the offended litigant would have been awarded or suffered at the hands of a fair-minded jury cures the verdict rendered by a jury, where such verdict is so out of accord with the evidence that it can be said to evince bias and prejudice on the part of the jury.

The majority suggests that the "bias and prejudice" standard is just another way of saying that the verdict is erroneous as a matter of law and that all that is required is a judgment notwithstanding the verdict of sorts. That is, enough should be added or subtracted from the jury's verdict to make it legal and no more. In this way, it is said, the party with the benefit of the illegal verdict has its right to a jury trial protected.

In my view, both sides have a right to a jury trial and a fair trial at that. A verdict which, as to damages, is so [dissonant] with the evidence as to evince bias and prejudice should be treated as a nullity with no party having rights therein. The trial court's suggestions as to adjustments to damages, in the form of an additur or remittitur, should be taken as just that, suggestions which the parties may accept in lieu of new trial. Such a procedure would promote a suggested award which is fairly responsive to the evidence rather than one targeted to a minimum sustainable verdict.

*Id.* at 122 (Banks, J., dissenting). Upon reflection, we today embrace and adopt in toto Justice Banks's dissent in **Roberts**. Finding, like Justice Banks, that "we got it right" in **Parker**, we now expressly overrule **Roberts**, **Altom**, and all other cases which might be in conflict with today's decision, and we reinstate and affirm our holding in **Parker**.

¶16.    We thus state, hopefully with clarity, the procedure to be hereafter followed by the trial bench and bar when confronted with the post-trial issues of additurs and remittiturs. Any party aggrieved by the amount of damages awarded pursuant to a jury verdict may file a motion for an additur or remittitur. Miss. Code Ann. § 11-1-55. If the trial judge grants

13

a motion for an additur or remittitur, such grant of an additur or remittitur shall take effect only if accepted by all the parties. If all the parties do not agree to the additur or the remittitur, then each party shall have the right to either demand a new trial on damages, or appeal the order asserting an abuse of discretion on the part of the trial judge.[4] Likewise, if a trial judge determines that the grant of an additur or remittitur is required, then in arriving at the appropriate amount of the additur or remittitur, the trial judge should not be bound by the restrictions which we have heretofore placed on trial judges by having to consider the amount which "should be added or subtracted from the jury's verdict to make it legal and no more." *Roberts*, 606 So.2d at 122 (Banks, J., dissenting). *See also Roberts*, 606 So.2d at 120. By eliminating these so-called guidelines for trial judges to utilize in attempting to arrive at the appropriate amount of the additur or remittitur, this unbridled procedure "would promote a suggested award which is fairly responsive to the evidence rather than one targeted to a minimum [or maximum] sustainable verdict." *Id.* at 122 (Banks, J., dissenting). Finally, this rule announced today does not impinge upon a party's right to appeal the jury verdict and trial court judgment on the issue of liability. Hopefully, this newly-established procedure will provide all parties with a level playing field in dealing with issues of additurs and remittiturs.

---

[4]Certainly, on the other hand, the trial court's denial of an additur or remittitur would be subject to appellate review via an assignment of error asserting that the jury verdict (including the verdict as to damages) was contrary to the substantial weight of the evidence.

¶17.   With all of this having been said, we now turn to the relevant facts of today's case. The record reflects that at the hearing on post-trial motions, the trial judge ruled from the bench by granting, inter alia, an additur of $20,000 to Marilyn and an additur of $10,000 to Eugene on his loss of consortium claim.  As noted by the Court of Appeals, at this point, the record reveals the following colloquy between the trial judge and counsel:

> [DEDEAUXES' ATTORNEY]: Your Honor, procedurally if the – if I understand it correctly, the plaintiffs have to accept the additur or take it up on appeal?
>
> THE COURT: Actually I think it's up to the defense. The defense has the option of accepting it or not.
>
> [PELLERIN'S ATTORNEY]: I believe that's correct, your Honor. But if I don't accept the additur, do we do a new trial on damages?
>
> THE COURT: I think that's what the law is. I think the option is up to the defense, that they accept or not. And if they do not accept, I think we would have a new trial on damages. I think the law used to give the plaintiff the option, but it's been changed quite sometime ago.
>
> [PELLERIN'S ATTORNEY]: I believe, as you say, I believe it is my option.
>
> THE COURT: I know under the current case law it's the option of the defense to accept or not. So get the judgment and get it to the Court for entry. And then, Mr. Miller [Pellerin's attorney], you can advise Ms. Lee [Dedeauxes' attorney] what your client's position is.  All right. Y'all have a good day. Thank you.

2005 Miss. App. LEXIS 442, **6-7, ¶10.  Although the record clearly reveals that the trial court envisioned that there would be a new trial as to damages only, in the event that Pellerin did not accept the additur, the final judgment did not reflect that the denial of the Dedeauxes' motion for a new trial as to damages was conditioned on Pellerin's acceptance of the additur.

15

The final judgment merely stated that the trial court "overrules the Motion for a New Trial." However, in the end, this omission in the final judgment is of no moment based on our disposition of today's case.

¶18. The learned trial judge in today's case likewise dutifully followed the then-existing case law on additurs by offering only to Pellerin the option of whether to accept the additur or demand a new trial on damages. However, based on our pronouncement in today's case, and for the reasons herein stated, we find that the Dedeauxes likewise were entitled to have the same option of either accepting the additur or demanding a new trial as to damages. Had this option been offered to all the parties and all parties agreed to the additur, the case would have ended. On the other hand, if any of the parties opted for a new trial on damages, then such a trial as a matter of right should have been available to any party so requesting the new trial. In their post-trial motion, the Dedeauxes clearly requested, inter alia, a new trial as to damages. Because the Dedeauxes were procedurally barred from protesting the legal sufficiency of the additur and instead demanding a new trial, we find this issue to have merit.

## CONCLUSION

¶19. For the reasons stated, we affirm the judgment of the Court of Appeals; therefore, the trial court judgment is reversed, and this case is remanded to the Circuit Court for the First Judicial District of Harrison County for a new trial as to damages only.

¶20. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED TO THE CIRCUIT COURT FOR A NEW TRIAL AS TO DAMAGES.**

16

**SMITH, C.J., WALLER AND COBB , P.JJ., DIAZ, EASLEY, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.**