ROBERTS, J.,
for the Court:
¶ 1. On May 8, 2005, Patricia Walters was involved in an accident while she was a passenger on an utility terrain vehicle (UTV), specifically a Yamaha Rhino (Rhino), driven by Joel Cummings, who was nine years old at the time. Walters, who was forty-two years old at the time of the accident, suffered extensive injuries as a result of the accident, and she incurred medical bills totaling approximately $177,447. She subsequently filed suit against “T & R Farms, a partnership consisting of Tracey Davis and Randy Davis; [and] Randy Davis.”[1] In her complaint she alleged that Randy Davis (Davis), as the owner of the Rhino, negligently entrusted the UTV to his nephew, Cummings, and that such negligent en-trustment was the proximate cause of her injuries.
¶ 2. A trial on the merits of the case was held on May 12-13, 2008, in the Circuit Court of Tallahatchie County. The jury returned a verdict that assessed compara *274 tive fault of 20% to Davis and 80% to Walters and awarded $3,797.92 in total damages. Walters subsequently filed a post-trial motion requesting an additur or, in the alternative, a new trial on damages. The trial court granted Walters’s request for an additur and awarded an additional $3,038.34 in damages. However, Walters rejected the additur and again requested a new trial on damages. Before the trial court had an opportunity to rule on Walters’s second request for a new trial on damages, Davis filed a notice of appeal following the trial court’s denial of his motion for a judgment notwithstanding the verdict (JNOV).
¶ 3. After careful examination of the record before this Court, as well as the supreme court’s holding in Dedeaux v. Pellerin Laundry, Inc., 947 So.2d 900 (Miss.2007) and this Court’s decision in Henson v. Riggenbach, 982 So.2d 432 (Miss.Ct.App.2007), we find that a new trial on damages must be held prior to an appellate court gaining jurisdiction of this matter. Because the requisite new trial did not occur, this Court must dismiss Davis’s appeal and remand this ease to the trial court for a new trial on damages.
FACTS AND PROCEDURAL HISTORY
¶4. For purposes of the resolution of this case at the appellate level at this point in time, the substantive facts surrounding the accident are of small import. However, we will briefly recite them to give context to the case as a whole. Davis, and his wife, Ann, live in Tippo, Mississippi, where Davis operates a farm with his brother on the land that surrounds Davis’s home. On May 8, 2005, Ann invited Walters to come to the Davis home to socialize. Additionally, Ann’s sister, Nanette Langkawel, and Cummings, Langkawel’s son, as well as other individuals, were present at the Davis home on the eighth of May, celebrating Mother’s Day.
¶ 5. There is contradictory testimony in the record as to the timing of the following events; however, in general, the actions that led up to the accident were as follows: After driving his daughter and other individuals around his property, Davis and Cummings rode on the Rhino. Davis allowed Cummings to drive and instructed him on the basic operation of the UTV. At some point in time after Cummings was taught how to operate the Rhino, he began driving other individuals, including Walters, around the Davis property and surrounding farm land. During Walters’s second ride on the Rhino, the UTV rolled over while Cummings was turning and caused extensive damage to Walters’s right arm and hand that required several operations which continued up to and after the date of trial. The parties stipulated at trial that Walters had incurred $177,447 in medical expenses arising from the injury to her right arm and hand. Specifically, one of her fingers had to be amputated, and she had permanent scarring, disfigurement, and disability.
¶ 6. Walters filed her complaint on January 3, 2006, alleging that her injuries were proximately caused by Davis’s negligent entrustment of the Rhino to Cummings. A trial on the matter was held on May 12-13, 2008. At the conclusion of the trial, the jury returned a verdict initially apportioning liability of 20% to Davis and 80% against Walters and awarded $0 in damages. The trial court determined the verdict to be inconsistent and instructed the jury to return a verdict that would fairly and adequately compensate Walters for her injuries. Thereafter, the jury returned a verdict with the same apportionment of fault but set Walters’s total damages at $3,797.92. This verdict was either a unanimous verdict of all twelve jurors or, *275 at least, a verdict of eleven of the twelve jurors and responsive to the issues presented to the jury. As a consequence of the verdict, Walters was awarded $759.58 in damages — that is 20% of $3,797.92. Subsequently, Walters filed a motion for additur and/or a new trial on damages. The trial court denied the request for a new trial on damages, but the court granted Walters an additur in the amount of $3,038.34. The amount of the suggested additur and the prior jury award of $759.58 totaled $3,797.92; this was the exact amount awarded by the jury’s verdict. Although Davis filed a notice indicating his acceptance of the additur, Walters filed a motion rejecting the trial court’s additur and again requested a new trial on damages. However, after the trial court denied Davis’s motion for a JNOV, Davis filed a notice of appeal.
DISCUSSION
¶ 7. In his brief to this Court, Davis raises issues surrounding whether the trial court abused its discretion in denying Davis’s motion for a JNOV and other substantive issues related to the trial. However, given the procedural posture of this case, we are only able to address a singular issue, which was not raised by either party, as we lack the jurisdiction required to further examine the issues presented by the parties.
WHETHER JURISDICTION IS PROPER IN AN APPELLATE COURT ONCE A PROPOSED ADDI-TUR HAS BEEN REJECTED BY A PARTY AND A NEW TRIAL ON DAMAGES HAS BEEN REQUESTED BUT NOT HELD.
¶ 8. Given our disposition of this case, we find that it would be helpful to revisit and expand the procedural history that led this appeal to find its way to this Court. The case was tried before a jury on May 12-13, 2008. At the conclusion of the trial, the jury returned a verdict assessing 80% fault to Walters and 20% fault to Davis, as well as a total monetary judgment of $3,797.92. On June 10, 2008, Walters subsequently filed a motion for a new trial on damages and/or additur. She alternatively filed a motion for a new trial. Additionally, on June 10, 2008, Davis filed a motion for a JNOV. Eight days later on June 18, 2008, Davis filed his response to Walters’s motion for an additur. This was followed by Walters filing a response to Davis’s motion for a JNOV on June 23, 2008, and a reply to Davis’s response to her motion for an additur on June 25, 2008.
¶ 9. A hearing was held on all outstanding post-trial motions on July 28, 2008. At the conclusion of the hearing, the trial court granted an additur and rejected Walters’s request for a new trial. Additionally, the trial court specifically rejected Davis’s motion for a JNOV. In granting the additur, the trial court ordered Davis to pay an additional amount that would bring the total monetary judgment against him to $3,797.92, which was the original total award of the jury. The trial court entered the order granting the additur for July 28, 2008, nunc pro tunc on January 28, 2009, and the order was actually filed on February 5, 2009. Walters filed a notice of rejection of the proposed additur and motion for new trial on damages on February 6, 2009. Following Walters’s rejection of the additur on February 11, 2009, Davis filed his acceptance of the trial court’s proposed additur. Almost two weeks later, on February 24, 2009, Davis filed his notice of appeal from the trial court’s oral denial of his motion for a JNOV, and he stated that the notice shall take effect upon disposition of the motion. On April 15, 2009, the trial court entered a formal order denying the motion for a JNOV.
*276 ¶ 10. As evinced by the timing of the post-trial motions above and our disposition of this case, the inclusion of an additur or remittitur into the procedural mix can cause issues. In the case of Pellerin Laundry, the supreme court, after identifying the inconsistencies and confusion surrounding the jurisprudence of additurs and remittiturs, established a new procedure to govern the application of law to such post-trial issues. The facts the supreme court had before it were strikingly similar to those this Court is examining today. After a trial on the merits, the jury returned a verdict in favor of the plaintiffs but awarded zero dollars in damages. Pellerin Laundry, 947 So.2d at 902 (¶ 2) (quotations omitted). The plaintiffs moved the trial court for an additur or, in the alternative, a new trial on damages. Id. The trial court granted an additur conditioned upon the defendant’s acceptance or rejection, but the judgment granting the additur denied the plaintiffs’ request for a new trial.[2] Id. The defendants did not accept the additur in a timely manner, and as such, it was deemed rejected. Id. at 902 (¶ 5) (citing Dedeaux v. Pellerin Laundry, Inc., 947 So.2d 961, 962 (¶ 2) (Miss.Ct.App.2005)). The supreme court held that not only were the defendants entitled to reject the additur and demand a new trial on damages, but the plaintiffs were similarly entitled to the same options. Id. at 909 (¶ 18). Because the plaintiffs so requested a new trial on damages in their post-trial motions, the supreme court reversed the trial court’s judgment and remanded the case to the trial court for a new trial on damages. Id. at 909-10 (¶¶ 18-19).
¶ 11. In reaching its holding, the supreme court stated:
We thus state, hopefully with clarity, the procedure to be hereafter followed by the trial bench and bar when confronted with the post-trial issues of additurs and remittiturs. Any party aggrieved by the amount of damages awarded pursuant to a jury verdict may file a motion for an additur or remittitur. Miss.Code Ann. § 11-1-55. If the trial judge grants a motion for an additur or remittitur, such grant of an additur or remittitur shall take effect only if accepted by all the parties. If all the parties do not agree to the additur or the remittitur, then each party shall have the right to either demand a new trial on damages, or appeal the order asserting an abuse of discretion on the part of the trial judge [in granting the additur or remittitur].
[[Image here]]
[I]f any of the parties opted for a new trial on damages, then such a trial as a matter of right should have been available to any party so requesting the new trial.
Id. at 908-09 (¶¶ 16, 18). In reaching its holding, the supreme court implicitly identified the overall goal of additurs and re-mittiturs — fairness. Article 3, section 31 of the Mississippi Constitution provides that “[t]he right of trial by jury shall remain inviolate.” However, any court of record may suggest an additur or remitti-tur if it finds that a trier of fact’s award of damages was “influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of the evidence.” Miss.Code Ann. § 11-1-55 (Rev.2002). A grant of an additur or remittitur requires a finding by *277 the trial court of the very same grounds as that of a motion for a new trial on damages. Such an action effectively discards the will of the trier of fact. Prior to Pellerin Laundry, the defendant had complete control over the outcome of a grant of additur, and the plaintiff could do nothing, save appeal, to protect his right to a trial by jury. The supreme court identified this flaw in the existing process stating, “both sides have a right to a jury trial and a fair trial at that.” Pellerin Laundry, 947 So.2d at 908 (¶ 15) (quoting Odom v. Roberts, 606 So.2d 114, 122 (Miss.1992) (Banks, J., dissenting)). The remedy to the existing unfairness was to guarantee all parties the right to a new trial on damages if any party did not agree to the court’s usurpation of a jury’s province in awarding damages. As such, given the jurisprudence of Pellerin Laundry, we find it is logically impossible for a trial court to grant an additur or remittitur and simultaneously deny a motion for a new trial on damages.
¶ 12. Soon after the supreme court handed down its decision in Pellerin Laundry, this Court interpreted the language in Pellerin Laundry to arrive at our holding in Henson. In that case, the trial court bifurcated a personal-injury case, having the jury first consider the liability and compensatory-damages issues, then trying the issue of punitive damages. Henson, 982 So.2d at 433 (¶ 6). The jury found for William and Teresa Riggenbach and awarded only compensatory damages, and the trial court entered its judgment consistent with the jury’s findings. Id. at 433-34 (¶¶ 6-7). Subsequently, the Riggenbachs filed a motion for additur or, alternatively, a new trial. Id. at 434 (¶ 8). The trial court granted both an additur and a new trial in the event the additur was not accepted by all parties. Id. The Riggen-bachs accepted the additur; however, the defendants, Dewayne Henson and AXA Re Property and Casualty Insurance Company, did not. Id. They appealed claiming that the trial court had abused its discretion when it granted the motion for addi-tur. Id.
¶ 13. After discussing and analyzing the supreme court’s decision in Pellerin Laundry, this Court dismissed Henson’s and AXA’s appeal and remanded the case to the trial court for a new trial on damages. In doing so we stated, “[bjecause [a] new trial on damages has yet to occur, there has been no final judgment. As such, this matter is not ripe for appellate review.” Id. at 436 (¶ 15). The same result must occur in this case.
¶ 14. As we stated in Henson, the granting of a motion for a new trial by a trial court is not a final judgment from which an appeal may ordinarily be taken. Henson, 982 So.2d at 435-36 (¶ 15) (citing Maxwell v. Illinois, C.G. R.R., 513 So.2d 901, 908 (Miss.1987)); see also Street v. Lokey, 209 Miss. 412, 413, 47 So.2d 816, 816 (1950) (stating that “[t]his Court therefore has no jurisdiction of an appeal sought to be presented directly from an order of the circuit court granting a new trial”). In the case before us, once the jury returned its verdict, Walters moved the court for an additur or, alternatively, a new trial on damages. The trial court granted the ad-ditur, which Davis accepted. However, Walters specifically rejected the trial court’s additur and again requested a new trial on damages. As per the supreme court’s mandate in Pellerin Laundry, Walters’s timely request for a new trial on damages following her rejection of the proposed additur left the trial court with no option other than to grant the request and schedule a new trial on damages. As such, this Court does not have jurisdiction to hear this case as it is not ripe for appellate review. There simply is not, and cannot *278 currently be, a final judgment in this case from which to appeal timely as the trial court was compelled to grant Walters’s motion for new trial on damages. Therefore, we dismiss Davis’s appeal without prejudice and remand the matter to the circuit court for a new trial on damages consistent with this opinion. In so holding, we note that fault, or liability, has already been determined by the jury and apportioned 80% to Walters and 20% to Davis.
¶ 15. As we are remanding this case to the trial court for a trial on damages consistent with Pellerin Laundry, we will take this opportunity to add what we hope will aid trial courts when confronted with procedural issues surrounding addi-turs and remittiturs in the future. At this point, it would be helpful to review the pertinent language from Pellerin Laundry once more. The supreme court stated:
If all parties do not agree to the additur or remittitur, then each party shall have the right to either demand a new trial on damages, or appeal the order asserting an abuse of discretion on the part of the trial judge [in granting the additur or remittitur].
[[Image here]]
[I]f any of the parties opted for a new trial on damages, then such a trial as a matter of right should have been available to any party so requesting the new trial.
Pellerin Laundry, 947 So.2d at 908-09 (¶¶ 16, 18).[3] From the language of Pelle-rin Laundry, it is clear that when a party requests an additur or remittitur or, alternatively, a new trial on damages, the trial court’s grant of the additur or remittitur also acts as a conditional grant of the alternative request for a new trial on damages in the event that the additur or remit-titur is rejected by any party. As identified above, fairness dictates such a result.
¶ 16. Given this conditional grant of a new trial on damages, once a motion for additur or remittitur or, alternatively, a new trial on damages has been granted, the trial court would do well to require all parties to submit a written acceptance or rejection of the additur or remittitur within a specified, brief period of time. Additionally, to avoid certain procedural and jurisdictional pitfalls inherent in this practice, a trial court that grants an additur or remittitur should defer its rulings on any other dispositive post-trial motions until all parties have either accepted or rejected the proposed additur or remittitur. Failure to do so could create a procedural quagmire. As in this case, if the trial court denies the motion for a JNOV before the rejection of the suggested additur and the affected party files a notice of appeal, it would appear that the trial court has been stripped of the jurisdiction it requires to fulfill the mandate of Pellerin Laundry, *279 i.e. to hold a new trial on damages. When such a practice is observed, if any party rejects the additur or remittitur, then the rights dictated by Pellerin Laundry can surface, unhindered by the consequences and judicial delay that may result from a trial court’s disposition of any dispositive post-trial motions.
¶ 17. A prime example is situated in the procedural facts of this case. The comment to Rule 4(d) of the Mississippi Rules of Appellate Procedure states that: “A notice [of appeal] filed before the filing of [a motion for a JNOV] or after the filing of a motion but before its disposition is, in effect, suspended until the motion’s disposition, whereupon the previously filed notice effectively places jurisdiction in the Supreme Court.” M.R.A.P. 4(d) cmt. In the instant case, when the trial court denied Davis’s motion for a JNOV, it appeared as if it initiated a chain of events that would eventually preclude the trial court from holding the required new trial on damages, placing the trial court between the proverbial rock and a hard place.
¶ 18. Davis filed his notice of appeal after the trial court’s oral pronouncement of its denial of his motion for a JNOV on July 28, 2008, but before the formal entry of an order of denial on April 15, 2009. Ordinarily, this would remove jurisdiction from the trial court and place it at the appellate level, as indicated by the comment to Rule 4(d). Thus, from the trial court’s point of view, it no longer had jurisdiction to commence the new trial on damages required by Pellerin Laundry as the notice of appeal vested jurisdiction of the case in the supreme court. However, in this case, the trial court never lost jurisdiction. Rule 50(c) of the Mississippi Rules of Civil Procedure allows a trial court to simultaneously rule on a motion for new trial and a motion for a JNOV, which is essentially what the trial court did here. M.R.C.P. 50(c). The comment to Rule 50 specifies that when a trial court grants a motion for new trial but denies a motion for a JNOV, it is not appealable “and the new trial will proceed.” Id. cmt. As the trial court’s grant of an additur also acted as a conditional grant of Walters’s request for a new trial, assuming either party rejected it, the trial court’s denial of Davis’s motion for a JNOV was not an appealable order. Thus, while it may have appeared that Davis was free to appeal the trial court’s denial of his motion for a JNOV as a “final order,” such was not the case.
¶ 19. Finally, our holding today does not preclude an affected party from preserving his position that the trial court erred in granting an additur or remittitur or a new trial on damages. If a party also requested a new trial on damages, once this trial of right on damages has been conducted, any affected party who has not yet had an opportunity to appeal the trial court’s grant of an additur or remittitur may appeal that decision. Henson, 982 So.2d at 485 n. 3. Therefore, we dismiss Davis’s appeal without prejudice as we lack the jurisdiction required to proceed given that the trial court has yet to conduct the requisite new trial on damages.
¶ 20. THIS APPEAL IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE AND MAXWELL, JJ„ CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, J.

. Davis owns and operates T & R Farms with his brother. T & R Farms was listed as the owner of the Rhino at the time of the accident and was named as a defendant at the time Walters filed her complaint. However, T & R Farms was later dismissed from this case by mutual agreement before trial began.

. The record revealed that while the judgment denied the request for a new trial on damages, it clearly showed that the trial court envisioned a new trial on damages in the event that the defendant rejected the suggested additur. Pellerin Laundry, 947 So.2d at 909 (¶ 17).

. We note that the language quoted by the dissent from Pellerin Laundry that the dissent identifies as "[k]ey to the proper disposition of today’s issue” fails to include the second sentence of the majority's quote, which states that if any party requests a new trial on damages then such a trial should be made available as a matter of right. Contrary to the dissent's statement that after the trial court denied Walters's motion for a new trial on damages "there was nothing more that either of the parties could have done but appeal,” the portion of the supreme court's language in Pellerin Laundry, which is omitted by the dissent, firmly establishes that when a party rejects an additur or remittitur that party has a right to a new trial on damages if one is so requested. The condition precedent in the dissent's statement, i.e. that the trial court denied Walters’s motion for a new trial on damages, is simply a procedural impossibility given the rejection of the additur by Walters and the mandate of Pellerin Laundry, specifically that portion of the holding that the dissent fails to mention.