IRVING, J.,
dissenting:
¶ 21. The majority, relying on Dedeaux v. Pellerin Laundry, Inc., 947 So.2d 900 *280 (Miss.2007), finds that this Court lacks jurisdiction and dismisses Randy Davis’s appeal as untimely. In reaching this result, I believe the majority misconstrues Pellerin Laundry, as it did in Henson v. Riggenbach, 982 So.2d 432 (Miss.Ct.App.2007). Therefore, because of the following reasons, as well as the reasons expressed in my dissent in Riggenbach where the facts are almost identical to today’s facts, I dissent. In my view, there is no procedural impediment to reaching the merits of Davis’s appeal, and I believe that the trial court erred in not granting Davis’s motion for a judgment notwithstanding the verdict. I would reverse and render the judgment in favor of Patricia Walters.
¶ 22. As stated by the majority, the jury determined that Walters suffered damages in the amount of $3,797.92. The jury also determined that Walters was eighty percent at fault and that Davis was twenty percent at fault. Therefore, the trial court entered a final judgment on June 5, 2008, awarding Walters $759.58 in damages, this amount being twenty percent of $3,797.92. On June 10, 2008, Walters filed a motion for a new trial on damages and/or additur and, in the alternative, a motion for a new trial on the merits. On the same date, Davis filed a motion for a judgment notwithstanding the verdict. On February 5, 2009, the trial court entered an order denying Walters’s motion for a new trial on damages but granted her motion for an additur in the amount of $3,038.34.[4] On February 6, 2009, Walters filed a notice of rejection of additur and a motion for a trial setting for a new trial on damages. On February 11, 2009, Davis filed a notice of acceptance of the additur, and on February 24, 2009, he filed a notice of appeal wherein he observed that the trial court had not ruled on his motion for a judgment notwithstanding the verdict and noted that, pursuant to Rule 4(d) of Mississippi Rules of Appellate Procedure, his appeal would become effective upon disposition of his motion for judgment notwithstanding the verdict. On April 15, 2009, the trial court entered an order denying Davis’s motion for a judgment notwithstanding the verdict.
¶ 23. It is important for purposes of our analysis to keep in mind that the trial court specifically denied Walters’s motion for a new trial on damages. While Walters also requested, in the alternative, that she be granted a new trial, the trial court’s February 5, 2009, order denying Walters’s motion for a new trial on damages and granting her an additur did not mention her alternative motion for a new trial on the merits. Walters never brought to the trial court’s attention that it had not ruled on her motion for a new trial on the merits. Indeed, she coupled her notice of rejection of additur with a motion for a trial setting for a new trial on damages. As noted, on February 5, 2009, the trial court denied Walters’s motion for a new trial on damages as not being well taken.[5] Therefore, it cannot be legitimately argued that the trial court intended to grant a new trial on damages if the additur was not accepted by all parties. Unlike in Pellerin Laundry, it cannot be legitimately argued here that the trial court intended to grant Walters a new trial on damages. It clearly did not.
¶ 24. Key to the proper disposition of today’s issue is a correct construction of the following language from Pellerin Laundry:
*281 We thus state, hopefully with clarity, the procedure to be hereafter followed by the trial bench and bar when confronted with the post-trial issues of additurs and remittiturs. Any party aggrieved by the amount of damages awarded pursuant to a jury verdict may file a motion for an additur or remittitur. Miss.Code Ann. § 11-1-55. If the trial judge grants a motion for an additur or remittitur, such grant of an additur or remittitur shall take effect only if accepted by all the parties. If all the parties do not agree to the additur or the remittitur, then each party shall have the right to either demand a new trial on damages, or appeal the order asserting an abuse of discretion on the part of the trial judge. ... Finally, this rule announced today does not impinge upon a party’s right to appeal the jury verdict and trial court judgment on the issue of liability. Hopefully, this newly-established procedure will provide all parties with a level playing field in dealing with issues of additurs and remittiturs.
Pellerin Laundry, 947 So.2d at 908-09 (¶ 16) (emphasis added).
¶ 25. The majority, relying on a different portion of Pellerin Laundry, construes Pellerin Laundry as precluding the immediate right of appeal to either party when one party has refused to accept the additur or remittitur. In my view, this construction is contrary to the plain and clear language of the passage quoted above. After announcing the procedure to be followed, the Pellerin Laundry court, immediately before the conclusion, stated:
The learned trial judge in today’s case likewise dutifully followed the then existing case law on additurs by offering only to Pellerin the option of whether to accept the additur or demand a new trial on damages. However, based on our pronouncement in today’s case, and for the reasons herein stated, we find that the Dedeauxes likewise were entitled to have the same option of either accepting the additur or demanding a new trial as to damages. Had this option been offered to all parties and all parties agreed to the additur, the case would have ended. On the other hand, if any of the parties opted for a new trial on damages, then such a trial as a matter of right should have been available to any party so requesting the new trial.
Id. at 909 (¶ 18).
¶ 26. It is clear to me from the above passage that the Pellerin Laundry court was not altering the procedure which it had pronounced earlier in paragraph sixteen. As stated, if all parties do not agree to the additur or the remittitur, the procedure grants each party the right to either demand a new trial on damages, or appeal the order asserting an abuse of discretion on the part of the trial judge.
¶ 27. Here, Walters rejected the addi-tur, but Davis accepted it. Walters demanded a new trial on damages, but the trial judge denied the motion. In my view, there was nothing more that either of the parties could have done but appeal. I note that Walters has not filed an appeal. Therefore, the sole issues before this Court are those that have been put forth by Davis: whether the trial court erred in denying his motion for a judgment notwithstanding the verdict and whether the trial court erred in instructing the jury on both negligence and wilfulness/wantonness.
¶ 28. In my view, the trial court erred as to both issues. However, since I believe the evidence fails to show any negligence on the part of Davis, I would reverse and render. The facts, as set forth by the majority, are adequate except it should be stated that there is no credible evidence that Davis instructed his nine-year-old nephew Joel Cummings to take *282 Walters for a ride on the four-wheeler or that Davis knew or should have foreseen that his nine-year-old nephew would be operating the four-wheeler on Davis’s property with Walters, a mature lady, as a passenger. Quite the contrary, the evidence is overwhelming that it was Walters who asked Cummings to take her for a ride. The trial court determined that Walters was a social guest. I agree. However, the accident did not occur as the result of any defect or condition on Davis’s premises. Therefore, in my view, the law of premises liability is not controlling. However, Davis owed a duty not to commit any negligent act which could cause injury to Walters. There is no evidence in this record that he breached that duty.
¶29. For the reasons presented, I would reverse and render the judgment of the trial court.
BARNES, J., JOINS THIS OPINION.

. This order was entered nunc pro tunc for July 28, 2008.

. As best as I can tell from the record, the trial court did not give Walters a trial setting for a new trial on damages. This is understandable, given the fact that the trial court had already determined that a new trial on damages was not warranted.